**The below described is SIGNED.**

**Dated: May 31, 2006**

**WILLIAM T. THURMAN**
**U.S. Bankruptcy Judge**

___

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re: | |
| **Dreama Hildreth,** | Bankruptcy Number 05-80005 |
| Debtor. | Chapter 13 |

**MEMORANDUM DECISION CONFIRMING THE DEBTOR'S CHAPTER 13 PLAN**

The hearing on confirmation of the Debtor's proposed chapter 13 plan came before the Court on April 28, 2006. The Court received evidence and considered oral arguments. Based upon the same, the Court issues the following Memorandum Decision which will constitute its findings of fact and conclusions of law.

**I.   BACKGROUND**

The Debtor filed for chapter 13 bankruptcy relief on October 19, 2005. She filed her proposed chapter 13 plan on November 3, 2005, proposing to pay National Auto Finance's claim directly. National Auto Finance is secured on the Debtor's 2005 Ford Mustang, purchased approximately five months before filing this case. The trustee objected to confirmation of several different chapter 13 cases, including this one, because in each case the proposed plans contemplated making payments to secured creditors directly; the trustee argued direct payments

are generally impermissible under the Bankruptcy Code (the "direct pay issue")[1]. On March 16, 2006, the Court issued a Memorandum Decision on the direct pay issue, denying the trustee's objection and holding that a debtor may pay secured creditors directly so long as the creditor's rights are not altered under the terms of the plan.[2]

On April 28, 2006, the Court considered the continued hearings on confirmation of this and other cases which were subject to the trustee's objection. Among those cases was that of Justin Tomasini.[3] At the hearing on confirmation of Mr. Tomasini's proposed plan, the trustee argued that even if direct payments to secured creditors are permissible as a general rule, the history of Mr. Tomasini's payments to the creditor secured on his vehicle evidenced bad faith under 11 U.S.C. § 1325(a)(3).[4] The trustee pointed out that just prior to filing his present bankruptcy case, Mr. Tomasini had purchased a 2005 Dodge Stratus, and proposed to pay the creditor secured on the Stratus directly. After filing for bankruptcy relief, Mr. Tomasini failed to make a single post-petition payment. The trustee argued Mr. Tomasini's treatment of the secured creditor was evidence that he did not propose his chapter 13 plan in good faith, as required by § 1325(a)(3).[5] The Court agreed and denied confirmation in Mr. Tomasini's case.[6]

---

[1] Because the trustee lodged similar objections to direct payments in several cases, each of those cases were set on parallel schedules. Confirmation in each case was continued to the same dates, and each of those cases were before the Court for confirmation on April 28, 2006. For further reference, see In re Gibson, Bankr. No. 05-80159; In re Terry, Bankr. No. 05-80033; In re Tomasini, Bankr. 05-80115.

[2] In re Clay, 339 B.R. 784 (Bankr. D. Utah 2006).

[3] Bankr. No. 05-80115.

[4] Unless stated otherwise, all statutory references herein are to the Bankruptcy Code.

[5] See also Flygare v. Boulden (In re Flygare), 709 F.2d 1344 (10th Cir. 1983).

[6] In denying confirmation, the Court was careful to note that it was denying confirmation on the basis of § 1325(a)(3), and not on the basis of § 1325(a)(7). Accordingly, the Court's Memorandum Decision in In re Tomasini, 339 B.R. 773 (Bankr. D. Utah 2006), had no bearing on the Court's determination of lack of good faith.

The hearing on confirmation of the Debtor's proposed chapter 13 plan immediately followed the hearing in Mr. Tomasini's case. The trustee also objected to confirmation of the Debtor's plan on the basis of a lack of good faith under § 1325(a)(3). The trustee argued that the Debtor was not proposing her chapter 13 plan in good faith because 1) she proposed to pay a secured creditor directly where the Debtor purchased the collateral, a 2005 Ford Mustang, within six months of filing this case; and 2) the Debtor objected to a creditor's claim without any good faith basis. With respect to the trustee's first argument, the Debtor testified that she purchased the Mustang approximately five months before filing this bankruptcy case. She testified that at the time she purchased the Mustang she believed she could afford the car, and was not contemplating bankruptcy. According to the Debtor, she filed this case when she first learned of Household Finance's claim for a deficiency arising from the sale of the Debtor's home in 2003. The Debtor testified that she learned of this deficiency claim when she was served with a complaint by Household Finance in Utah State Court, after she purchased the Mustang.

On May 13, 2005, the Debtor filed an Objection to the Claim of Household Finance. The Objection states, "[t]he Debtor does not recognize a debt owed to Household Finance Corporation." Household Finance did not respond to the Objection, and on April 18, 2006, the Court entered an Order Disallowing the claim of Household Finance.[7] At the April 28 hearing, the Debtor testified that she did in fact recognize the claim of Household Finance and did not dispute that she owed the amounts represented in Household Finance's proof of claim.

In light of the Debtor's testimony regarding the Mustang and the claim of Household Finance, the trustee argued that the Debtor was not proposing her chapter 13 plan in good faith

---

[7]Under Local Rule 3007-1(b), the Court may sustain an Objection to Claim where a creditor does not file a response to the Objection within 30 days after service.

3

under § 1325(a)(3). The trustee's objection is the subject of this Memorandum Decision.

## II. JURISDICTION, VENUE AND NOTICE

The Court has jurisdiction over this matter under 28 U.S.C. § 157(b)(2)(L). Venue is appropriate pursuant to 28 U.S.C. § 1408(1). Notice is appropriate in all respects.

## III. ANALYSIS

Before confirming a proposed chapter 13 plan, § 1325(a)(3) requires the Court to find that "the plan has been proposed in good faith and not by any means forbidden by law." In the Tenth Circuit, the Court's inquiry under this provision is governed by a totality of the circumstances test, guided by eleven non-exclusive factors.[8]

After reviewing the basis for the trustee's objection to confirmation, the Court determines that the Debtor has proposed her chapter 13 plan in good faith. The Court is not persuaded that the Debtor's purchase of the Ford Mustang evidences a lack of good faith in proposing the chapter 13 plan. As evidenced by the Court's denial of confirmation in Mr. Tomasini's case, a recently purchased automobile will generally raise red flags as to the Debtor's good faith under § 1325(a)(3). But in this case, the Court is satisfied from the Debtor's testimony that she purchased the Ford Mustang before she had any reason to contemplate filing for Bankruptcy

---

[8] "(1) the amount of the proposed payments and the amount of the debtor's surplus;
(2) the debtor's employment history, ability to earn and likelihood of future increases in income;
(3) the probable or expected duration of the plan;
(4) the accuracy of the plan's statements of the debts, expenses and percentage repayment of unsecured debt and whether any inaccuracies are an attempt to mislead the court;
(5) the extent of preferential treatment between classes of creditors;
(6) the extent to which secured claims are modified;
(7) the type of debt sought to be discharged and whether any such debt is non-dischargeable in chapter 7;
(8) the existence of special circumstances such as inordinate medical expenses;
(9) the frequency with which the debtor has sought relief under the Bankruptcy Reform Act;
(10) the motivation and sincerity of the debtor in seeking Chapter 13 relief; and
(11) the burden which the plan's administration would place upon the trustee." Flygare, 709 F.2d at 1347.

relief.  Under the circumstances of this case only, the Court determines that the Debtor's purchase of a car before filing for bankruptcy does not evidence a lack of good faith in proposing the chapter 13 plan.

The Court is also not persuaded that the Debtor's objection to the claim of Household Finance is a basis for finding that she does not propose her plan in good faith.  As a lay person, the Debtor could not competently testify as to whether the Objection to Claim filed against the claim of Household Finance in her case was soundly based in fact and law.  That was properly a determination for the Debtor's attorney.  The Debtor's testimony that she recognized the claim filed by Household Finance did not indicate a lack of good faith in proposing her chapter 13 plan.  Accordingly, the Court determines that the Debtor complies with the provisions of § 1325(a)(3).

There is a difference between the facts of Mr. Tomasini's case, and the facts of this case. The Court did not deny confirmation in Mr. Tomasini's case because he proposed to make payments directly to a secured creditor.  Quite the contrary, the Court's decision in Clay makes clear that he was within his rights to propose direct payments.[9]  Rather, the Court denied confirmation in Mr. Tomasini's case because his treatment of creditors did not evidence a good faith attempt to treat his debts through his proposed chapter 13 plan.  In the present case, however, the Debtor has made post-petition payments to the creditor secured by her Mustang. Further, the evidence in this case is that the Debtor incurred the debt on her Mustang without any knowledge that she might file bankruptcy in the near future.

## IV.    CONCLUSION

---

[9] 330 B.R. at 784.

5

The Debtor's proposed chapter 13 plan should be CONFIRMED. A separate order accompanies this Memorandum Decision.

_____End of Document_____

Service of the foregoing **MEMORANDUM DECISION CONFIRMING THE DEBTOR'S CHAPTER 13 PLAN** will be effected through the Bankruptcy Noticing Center to each party listed below.

All parties listed on the mailing matrix.

